IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES of AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | Case No.   14-cr-30177-MJR-3 |
| ) | |
| **ELSAYED HASSAN,** ) | |
| ) | |
| **Defendant.** ) | |

## ORDER

**PROUD, Magistrate Judge:**

This matter is now before the court on the Government's Second *Ex Parte* Motion to Revoke Bond, **Doc. 84**.

After entering a guilty plea, defendant Elsayed Hassan was released on bond on February 25, 2015. See, Doc. 80. The conditions of his release prohibited him from using alcohol at all, and required him to participate in an inpatient drug treatment program and to reside in ARTS House, a substance abuse halfway house, at the direction of the Probation Office for not more than 180 days.

18 U.S.C. § 3148 mandates that an order of revocation and detention be entered if the Court:

(1) finds that there is–
    (A) probable cause to believe that the person has committed a Federal, State, or local crime while on release;   or
    (B) clear and convincing evidence that the person has violated any other condition of release;   and
(2) finds that–
    (A) based on the factors set forth in section 3142(g) of this title, there is no condition or combination of conditions of release that will assure that the person will not flee or pose a danger to the safety of any other

person or the community;   or
(B) the person is unlikely to abide by any condition or combination of conditions of release.

If there is probable cause to believe that, while on release, the person committed a Federal, State, or local felony, a rebuttable presumption arises that no condition or combination of conditions will assure that the person will not pose a danger to the safety of any other person or the community.  If the judicial officer finds that there are conditions of release that will assure that the person will not flee or pose a danger to the safety of any other person or the community, and that the person will abide by such conditions, the judicial officer shall treat the person in accordance with the provisions of section 3142 of this title and may amend the conditions of release accordingly.   **18 U.S.C. § 3148(b).**

The Court held a hearing on April 10, 2015.  Based upon the information presented, the Court finds by clear and convincing evidence that defendant violated the terms of his bond by consuming alcohol on March 30, 2015.  Further, as a result of his alcohol use, he was unsuccessfully discharged from the ARTS House on March 31, 2015.

The Court finds that it is highly unlikely that defendant would abide by any condition or combination of conditions of release which could be devised.  The Court notes that defendant's bond was previously revoked.  See, Doc. 56.

**IT IS THEREFORE ORDERED** that the Government's Second *Ex Parte* Motion to Revoke Bond, **Doc. 84** is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant, Elsayed Hassan, be committed to the custody of the Attorney General for confinement in a corrections

facility separate, to the extent practicable from persons awaiting or serving sentences or being held in custody pending appeal; that the defendant be afforded reasonable opportunity for private consultation with his counsel; and, that, on order of a court of the United States, or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceedings.

**IT IS SO ORDERED.**

**DATED:   April 10, 2015.**

                                                 **<u>s/ Clifford J. Proud</u>**
                                                 **CLIFFORD J. PROUD**
                                                 **UNITED STATES MAGISTRATE JUDGE**